SCHOOL DISTRICT No. 11 v. WILLIAMS.

1. JUSTICES OF THE PEACE: *Jurisdiction; Trespass on real estate.*
   A justice of the peace has no jurisdiction of trespasses upon real estate.

2. SCHOOL DISTRICTS: *Corporations; capacity; liability.*
   School district are by Statute *quasi* 'public corporations with capacity to sue and be sued, but are not liable for trespasses committed by their officers. For these the officers are personally liable.

APPEAL from *Faulkner* Circuit Court.
Hon. J. W. MARTIN, Circuit Judge.

ENGLISH, C. J.   School District No. 11, of Faulkner county, sued Williams in trespass before a justice of the peace for cutting and removing timber from a sixteenth section, and laid the damage at $100.   Upon an affidavit made by two of the directors, and on the execution of bond by them and other persons, an attachment was issued, and levied on some cypress timber by a person authorized by the justice to execute the writ.

Judgment was given by the justice against Williams, and he appealed to the Circuit Court, where he demurred to the complaint for want of jurisdiction.   The court sustained the demurrer and discharged him.

A jury was then impannelled, and the damages of the defendant assessed at $72.50, and judgment was rendered against plaintiff and the sureties in the attachment bond for the amount of the verdict, a new trial refused, a bill of exceptions, and an appeal taken by plaintiff.

The constitution does not invest justices of the peace with jurisdiction of trespass upon real estate.   *Sec.* 40, *Art.* VII.   The justice of the peace had no jurisdiction of the subject matter of the action in this case, and all of the proceedings before him were *coram non judice* and void.

The Circuit Court properly discharged appellee, and should have dismissed the whole case.

The Statute makes School Districts *quasi* public coporations, with capacity to sue and be sued.   But it does not make them liable for trespasses committed by their officers. The Directors of School District, No. 11, were personal trespassers in suing out the attachment in this case before the justice of the peace, and causing the property of appellee to be seized and detained, but no judgment could be rendered against the corporation for damages occasioned by

such trespass. *Granger et al* v. *Pulaski county*, 26 *Ark.*, 37.

The judgment of the court below must be reversed, annulled, set aside and held for naught.