The judgment of the Court of Common Pleas is affirmed.

*Judgment affirmed.*

CUSHING and ROSS, JJ., concur.

TIPTON *v.* WILLEY.

(Decided January 29, 1934.)

*Mr. R. M. Switzer,* for plaintiff in error.
*Mr. Henry W. Cherrington,* for defendant in error.

MAUCK, J. The plaintiff below, by an amended petition in the Court of Common Pleas, sought to recover damages for personal injuries inflicted upon him by a third person because of the claimed negligence of the defendant. A demurrer was interposed, sustained by the trial court, and judgment entered thereon. To reverse that judgment error is prosecuted to this court. The sole question here is whether the petition stated sufficient facts to constitute a cause of action.

The petition recites that the defendant was engaged in transporting school children of the Gallipolis city district by motorbus over a hard-surfaced road twenty feet in width, extending from the corporate limits of the city to and beyond the residence of the plaintiff;

that such transportation was being conducted by the defendant under an agreement with the board of education binding him to carry school children to the public school building from the entrance leading from such highway to their respective dwellings. The pleading further recites that on November 4, 1932, the defendant was transporting the plaintiff home from school, that the entrance from the highway to his home was on the left side of the highway, and that the defendant in disregard of his duty to safely transport the plaintiff to the entrance of his residence stopped the bus on the right side of the highway at a point about one hundred and sixty feet distant from the entrance to plaintiff's home, and ordered and required the plaintiff to leave the bus on the right side of the bus and walk from said point on and across the highway to the entrance of plaintiff's residence; that the defendant knew that there was great danger to life and limb of any persons crossing the highway, and knew that the plaintiff, who was of the age of six years, was incapable of appreciating and avoiding danger in going on and over said highway, and knew that the plaintiff upon leaving the said bus would go on and across said highway to reach the entrance to his residence; that plaintiff in compliance with the order and requirement of the defendant left said bus on the right side of said bus, and on the right side of said highway, and walked in front of the bus and in front of the defendant, who was sitting on the front seat of the bus, toward the center of the highway.

It is further pleaded that the defendant in the exercise of ordinary care for the protection of the plaintiff, taking into consideration his extreme youth, before directing plaintiff to leave said bus and walk on and across the highway should have informed plaintiff and cautioned him of the danger from passing traffic, and should have looked for the traffic that might be approaching at the time the plaintiff was walking in and

upon said highway, and should have warned plaintiff thereof, but that the defendant in disregard of that duty negligently permitted the plaintiff to step from said bus into the highway and without looking for traffic that might be approaching to walk into the highway, without being warned of the danger thereof, and that ''the defendant in the exercise of ordinary care for the plaintiff could have seen'' the traffic on said highway, of which the plaintiff ought to have been warned; further, that the plaintiff without any knowledge of his danger and without being warned thereof by the defendant stepped into the highway, and an automobile which was then passing and had just passed said bus ran against and struck the plaintiff, causing him to suffer the severe injuries for which he now seeks to recover.

The concrete question is whether, under the circumstances detailed, the defendant was negligent in the performance of any duty he owed to the plaintiff.

The claim of the defendant is that the relation of passenger and carrier existed between the parties and that all liability for the safe carriage of the passenger ceased upon the latter safely alighting on the highway from the bus (*Cleveland Ry. Co.* v. *Karbole,* 125 Ohio St., 467, 181 N. E., 889) and that the carrier owed no duty at all to warn passengers about to alight of any danger except such as the carrier itself might have created. *Reining* v. *Northern Ohio Traction & Light Co.,* 107 Ohio St., 528, 140 N. E., 84. Even in the case of a common carrier, however, it seems that unusual circumstances impose a larger duty on the carrier. Judge Kinkade, in an opinion denying liability of a street railroad for failing to warn a passenger before alighting of dangers in the street, said that the conductor was not an adviser general to passengers who appear to be entirely competent to attend to their own business in the manner of leaving a car. In that case, though, he thus described the passenger:

"Sebesta was apparently in full possession of his faculties, physical as well as mental. He was neither an aged or infirm person, nor was he a child, and no one noting his actions as described by himself would be led to think that he needed or desired any information or caution with respect to the manner in which and the time at which he should leave the car." *Cleveland Rd. Co.* v. *Sebesta,* 121 Ohio St., 26, 166 N. E., 898.

Certainly the fair implication of this is that, if the carrier accepts for transportation an immature child, its duty would be different and greater than if an adult were the passenger, and such is the rule generally. 4 Ruling Case Law, 1160.

The Supreme Court of Nebraska has said (*Jacobson* v. *Omaha & C. B. St. Ry. Co.,* 109 Neb., 356, 191 N. W., 327, 31 A. L. R., 563):

"Where the passenger is a child, or a person who does not possess full and normal faculties for protecting himself, which condition is known, or, in the exercise of due care, should have been known, to the company's employees, the company, no doubt owes him a greater degree of care to protect him from danger at the place where he alights than it does the ordinary individual, and, it may be, in such a case, should be on the lookout to warn him of the dangers of passing vehicles. And in any case where there is a particular danger from a passing vehicle, which danger has become known to the company's employee, and where it has become apparent to such employee that such danger is not known to the passenger about to alight, we take it, of course, to be the duty of the employee to notify the passenger where there is reasonable opportunity to do so."

The defendant in this case, however, occupies a different relation to the plaintiff than does the common carrier to its passenger. In this latter relation the passenger by his voluntary and deliberate act engages the services of the carrier, and is at liberty, of course,

not to do so. In the case at bar the plaintiff had no such election. His attendance at school was compulsory and we may assume that the only practical means of compliance with the law was to avail himself of the transportation facilities afforded by the public authorities. As a child, he had the natural right to parental control and protection while at home. While going to and from school and while there, he had the right to some control and protection. It is true that for reasons of public policy the board of education as a *quasi* corporation is not charged with liability for failing to furnish him with needed care, but it is nevertheless the child's natural right. There is no reason, however, why the immunity enjoyed by the board of education for its negligent care of the pupil should attach to the defendant, who, as a private individual, undertakes for hire to safely transport the child to the school grounds. It is not questioned that he may be liable for his negligence, the only question being whether he was negligent.

Here was a child too young to appreciate the hazards of crossing the highway. He was too immature to be charged with negligence himself. The defendant was increasing his peril by requiring him to leave the safety of the bus at a point unnecessarily remote from the plaintiff's home. The child was required to cross the roadway. There were moments when this could be done with safety. There were other moments when to step into the path where traffic flowed meant serious, perhaps fatal injury. The boy himself was incapable of picking out the periods of safety from the periods of danger. Some one had to do that for him, and we find that the bus driver was such person. It was negligent for such driver to direct the boy to alight, and to afford him the opportunity to step in front of approaching traffic, without exercising ordinary care to ascertain whether the way was safe or not and advise the child accordingly.

It is further argued that, if the defendant were in fact negligent, nevertheless the injuries sustained by the plaintiff were occasioned by the driver of another machine, and that this other driver was negligent in not having stopped his machine while the school bus was unloading, and that the negligence of the third party was subsequent to the claimed negligence of the defendant, and that defendant's negligence could not have been the proximate cause of plaintiff's injury. This argument fails for the reason that the petition does not show any negligence on the part of the driver whose machine actually struck the plaintiff. We would also refuse affirmance on this ground for the further reason that the defendant's negligence might have been one of two proximate causes even if it could not have been the sole proximate cause.

The petition stated a cause of action.

The judgment of the Court of Common Pleas is reversed and the cause is remanded with directions that the demurrer be overruled and further proceedings had according to law.

*Judgment reversed.*

BLOSSER, P. J., and MIDDLETON, J., concur.