CULWELL, ADMR., APPELLEE, *v.* BRUST, APPELLANT.

(No. 144—Decided June 21, 1949.)

Mr. *Frank DeLay* and Mr. *M. M. Carlisle,* for appellee.

Mr. *Harry B. Reese* and Messrs. *Benoy & Sebastian,* for appellant.

METCALF, J. Plaintiff's decedent, Willard Culwell, a boy approximately six and two-thirds years of age at the time of his death, was a pupil in Beaver Rural School District, Jackson county, and was being conveyed from the school to a point near his home in a school bus owned, operated, and driven by the defendant under contract with the board of education as provided by law.

The bus was being driven in an easterly direction along state route No. 124, when it stopped on its right or the south side of the traveled portion of the highway for the purpose of discharging decedent and six other pupils, four of whom lived on the south side of the road. The decedent, his brother, and another pupil lived on the north side of the highway. Decedent's brother and the one other pupil passed in front of the bus to the north side of the highway while the bus was in a standing position. The decedent started around the bus to the south or right side of the highway with the other four pupils who lived on that side and disappeared from the view of the defendant, who thereupon closed the door of the bus and started it in a forward direction. The record indicates that at such time plaintiff's decedent was behind the bus, perhaps pushing thereon, and that, when the bus reached a place opposite decedent's companions who had crossed the road, decedent started to cross. While crossing the road he was struck by an automobile approaching the bus from the opposite direction.

From the injuries received, Willard Culwell died within an hour or so.

Fred Culwell, the father of the boy, acting in his fiduciary capacity, brought this action in the Court of Common Pleas against the bus driver for wrongful death. A jury was waived, a trial was had, and judgment was rendered in favor of the plaintiff for the benefit of the heirs at law and next of kin of the decedent in the sum of $4,000, from which judgment this appeal on questions of law was perfected.

All counsel agree, and this court is in accord, that the only question involved in this appeal is whether the defendant, as shown by the record, was negligent in a respect which contributed to or proximately caused the injuries resulting in the death of plaintiff's decedent. Simplifying the proposition further, was the act of the defendant, in starting the bus in the face of oncoming traffic, actionable negligence, when he knew, or in the exercise of ordinary care should have known, that plaintiff's decedent had not yet crossed the highway to his home side thereof.

The statutory provision applicable here is Section 6307-73, General Code, which reads:

"The driver of a vehicle, when approaching the front or rear of a school bus that has come to a stop upon a highway outside the limits of a municipal corporation, while in the act of receiving or discharging any school child shall stop such vehicle not less than ten feet from such school bus and keep such vehicle stationary until such child has entered said bus or has alighted and reached the side of such highway. *No school bus driver shall start his bus until after any child who may have alighted therefrom shall have reached a place of safety.*" (Emphasis supplied.)

While in conflict, the record discloses ample and sufficient evidence to establish that the oncoming car

which struck the child was in plain view of the defendant bus driver when the bus was placed in motion. It is clearly established also that the bus driver knew the decedent had not crossed the highway with his older brother and the other pupil. The driver of the ill-fated car which struck decedent testified that when he was within approximately 540 feet of it he saw the standing bus, the children on both sides of the road, and one or two children just leaving the bus; that he was traveling at a speed of 35 miles per hour; that he slackened his speed to approximately 20 miles per hour and prepared to stop; that when he was within approximately 140 feet of the bus, the defendant started it; and that he proceeded to pass the bus at a point approximately 40 feet from where it had been standing. The distance the bus had traveled is fixed by the bus driver as being somewhat farther.

In *Tipton* v. *Willey*, 47 Ohio App., 236, 191 N. E., 804, a case decided by this Court of Appeals on January 29, 1934, it was held:

"The driver of a school bus, who discharges a six year old pupil from the bus and permits him to step into a dangerous lane of traffic, without warning him of such danger, cannot be said as a matter of law to be free from actionable negligence."

This court, as then constituted, speaking through Mauck, J., in the course of the opinion at page 240, said:

"Here was a child too young to appreciate the hazards of crossing the highway. He was too immature to be charged with negligence himself. The defendant was increasing his peril by requiring him to leave the safety of the bus at a point unnecessarily remote from the plaintiff's home. The child was required to cross the roadway. There were moments when this could be done with safety. There were other moments when to

step into the path where traffic flowed meant serious, perhaps fatal injury. The boy himself was incapable of picking out the periods of safety from the periods of danger. Some one had to do that for him, and we find that the bus driver was such person. It was negligent for such driver to direct the boy to alight, and to afford him the opportunity to step in front of approaching traffic, without exercising ordinary care to ascertain whether the way was safe or not and advise the child accordingly.''

These words are as applicable today, in the instant case, as they were when written. Here, too, was a child in his first term of school and slightly more than six years old running around behind the bus to cross the highway when he should have been crossing in front of the bus. The defendant admits he knew of this situation; nevertheless, he started the bus. Starting the bus was a signal for other traffic to proceed, such signal being acknowledged by all vehicular traffic and being justified under the terms of the above-quoted statute. The starting of the bus under the circumstances then existing is the ''pole star'' of this case. It is difficult to conceive of anything that could have been more dangerous than for the defendant to place the bus in motion when traffic was approaching, before this child had ''reached a place of safety.'' This defendant will not be heard to say that he did not see the approaching car, or that it was not in view when he started the bus, because the physical evidence establishes the contrary. If defendant had looked he would have seen the approaching car. If he did not see it he did not look and in either event he was guilty of negligence in starting the bus. Such negligence directly contributed to the proximate cause of the injury and death of plaintiff's decedent. So long as the bus remained standing, all traffic was stopped

by reason of the statute, but the moment the bus started this statutory safeguard, enacted for the purpose of protecting school children, was of no avail. Willard Culwell was a mere child in no way capable of appreciating the danger of crossing the highway. One moment before his fatal injury the crossing was safe, and the next instant his attempt to cross resulted in his death. What changed this situation? Not vehicles upon the highway which were obeying the law hereinabove quoted, but the signaling of the bus driver that all was clear by his act of starting the bus. This court cannot distinguish between the instant case and the *Tipton case* so far as the negligence which put in motion the force that caused the injury and death is concerned.

The defendant had discharged this child from this bus many times before; he knew where the child lived, and that he must cross the road at the place where the bus stopped in order to reach a place of safety. The words, "place of safety," used in the statute cannot, under the facts in the instant case, be construed as covering the whereabouts of this child at the time the bus was put in motion.

By whatever name it may or should be called, the degree of care required in the instant case on the part of the defendant was of such nature that he was forced to take into consideration the childish instincts and impulses of this boy.

Complaint is made that plaintiff was erroneously allowed to amend his petition at the close of all the testimony. The amendment, in the opinion of this court, was in line with the evidence adduced and, further, the petition as filed substantiates the relief sought.

The trial court made a separate finding of fact and conclusion of law which this court has carefully examined and believes to be substantiated by the record. That court sitting as a jury was the sole judge of the

facts and the credibility of the witnesses, and under the state of the record a reviewing court cannot disturb that finding.

We have carefully examined and considered all the assignments of error and find none of them well taken.

Accordingly, the judgment is affirmed.

*Judgment affirmed.*

McCurdy, P. J., and Gillen, J., concur.