Linda Sue THOMAS, by Her Next Friend and Mother, Mary Fern Thomas, Appellant,

v.

Ray KIMSEY, Respondent.

No. 46732.

Supreme Court of Missouri,
Division No. 1.

March 9, 1959.

Motion for Rehearing or to Transfer to Court En Banc Denied April 13, 1959.

Haskell Imes, Blackford, Imes, Compton & Brown, Kansas City, for appellant.

E. E. (Tom) Thompson, Sam Mandell, Kansas City, for respondent, Popham, Thompson, Popham, Mandell & Trusty, Kansas City, of counsel.

HYDE, Presiding Judge.

Action for $25,000 damages for personal injuries, verdict and judgment for defendant from which plaintiff has appealed. Plaintiff assigns error in giving Instructions 5 and 8, and claims misconduct of defendant's counsel in connection with his opening statement, introduction of evidence and argument.

It is not contended that plaintiff failed to make a jury case, and there is not much dispute about what happened, so it is not necessary to make an extended statement of facts. Defendant was the owner and driver of a school bus on which plaintiff, seven years old at the time, was being taken home after school. Arriving at the farm, where plaintiff lived, defendant drove east just beyond the gate and then backed north into the driveway, on each side of which were stone posts, 12 feet apart. The bus was 8 feet wide and 27 feet 9 inches long, seating 48 passengers. The back of the bus was to the north, with the rear wheels about parallel with the stone posts, when defendant opened the door on the right, west, side. Plaintiff and her sister two years older got off, followed by their cousin, Donald Baxter, 13 years old. At the place where they alighted, there was a low bank, outside of the gate, south of the west stone post, on which defendant had warned these children several times to wait until the bus pulled out. He said he had given them this warning at least seven or eight times previously during the school year (plaintiff was injured during the month of February) but did not recall whether he did so on that particular occasion. Defendant said he closed the door of the bus, saw the children on the bank, through the windows of the door, looked for traffic on the road, then released the clutch gradually and started the bus. There was some snow on the ground and it was thawing, and instead of going forward the bus slid to the right, west, catching plaintiff between the side of the bus and the west stone post. Immediately, Donald beat on the door and yelled and defendant and the older children got out. They pushed on the side of the bus and an older girl was able to release plaintiff. Donald's version was: "He pulled up past the driveway and backed in and Linda and Shirley were sitting up towards the front and they were off before I got up there because most of the time I sit in the back and I believe I was that day, and I stepped off of the bus and the next thing I

can remember was seeing Linda caught between the bus and the post." He said they often waited on the bank until the bus left but occasionally did not.

Instruction No. 5 was as follows: "The Court instructs the jury that there was no duty upon defendant to escort plaintiff from the place at which she alighted from his bus through the gateway mentioned in evidence, and if you find and believe from the evidence that defendant exercised the highest degree of care in the manner in which he caused his school bus to be stopped at the place in question, and that he exercised the highest degree of care in connection with plaintiff alighting from said bus to the ground at the place where she alighted, and that she so alighted with safety and without injury to her, if you so find, and if you further find that plaintiff assumed a position, after alighting from defendant's bus, where she was not in a place of danger, if you so find, and remained thereat until Mr. Kimsey attempted to start his bus in forward motion, if you so find, and if you further find upon attempting to start his bus the rear portion thereof slid slightly to the west, without negligence on the part of Mr. Kimsey, if you so find, and if you further find plaintiff left the aforesubmitted position of safety and attempted to pass between the said bus and the rock post, described in evidence, and while so doing the rear of said bus slid to the west, as aforesaid, without negligence on the part of Mr. Kimsey, if you so find, and plaintiff was caught between the bus and said post, if you so find, then you are instructed plaintiff is not entitled to recover against defendant in this action and your verdict must be in favor of the defendant, Mr. Kimsey, regardless of the nature and extent of plaintiff's injuries, if any."

■ Plaintiff says this instruction erroneously limits the legal responsibility of a school bus driver for care of a seven year old child, by implying "that if defendant exercised the highest degree of care in connection with plaintiff alighting from said school bus to the ground at the place where

she alighted, and that she so alighted with safety and without injury to her, and assumed a position of safety, then the defendant was relieved of his responsibility toward her as a passenger." Plaintiff says, "the bus driver, in addition to unloading the plaintiff in a reasonably safe position, was also required to exercise the highest degree of care to know where she was at the time the bus was set in motion by the defendant." We think plaintiff is right in this criticism of Instruction 5. We also agree with plaintiff that negligence on her part is emphasized by the latter part of the instruction (although contributory negligence was not pleaded) stating, "if you further find plaintiff left the aforesubmitted position of safety and attempted to pass between the said bus and the rock post, described in evidence, and while so doing the rear of said bus slid to the west, as aforesaid, without negligence on the part of Mr. Kimsey, * * * and the plaintiff was caught between the bus and said post, * * * then you are instructed plaintiff is not entitled to recover." Furthermore, this clause and the one prior to it both seem to authorize a verdict for defendant if he was not guilty of negligence in causing the bus to slide and ignores his duty of lookout to see that plaintiff was in the clear.

In Fortner v. St. Louis Public Service Co., Mo.Sup., 244 S.W.2d 10, 14, (where a streetcar operator let school children off in a safety zone and then struck one boy crossing in front of the car when he started it) we pointed out "greater precautions are necessary to fulfill the duty to children of tender years than to adults." In that case, the operator, when seated in his normal operating position, could not see the plaintiff, at the place where he was, close to the front of the streetcar; and we held it would be reasonable to find him negligent in failing to get into a position to see whether any of the children were in front of the car, when he started, knowing that children had just left the car. We ruled, as follows: "In the instant case there is the fact or circumstance that defendant's operator, just

before he started the forward movement of the streetcar, had discharged plaintiff and other young children from the streetcar onto the safety zone in the street. * * * It is our view that a reasonable man might say that, in the circumstances of this case, defendant's motorman, who in starting the streetcar had the duty to exercise due care in observing the street in front, should, in looking, have taken the pains to get into position so he could see the segment of the street lying within 'about seven feet' in front, and ascertain if any of the school children he knew he had just let off were passing along or standing there." For discussion of the even greater duties of school bus drivers see Tipton v. Willey, 47 Ohio App. 236, 191 N.E. 804; Archuleta v. Jacobs, 43 N.M. 425, 94 P.2d 706; Hunter v. Boyd, 203 S.C. 518, 28 S.E.2d 412; Cartwright v. Graves, 182 Tenn. 114, 184 S.W.2d 373.

Not only did Instruction 5 fail to recognize this duty to keep a lookout before starting the bus but defendant's idea of his duty was thus stated in his deposition:

"Q: My question is, is it your custom to unload children and rely upon them to watch out for your bus, not to get close in a spot of danger? A: If they are on their own property, yes.

"Q: In other words, I don't want to misquote you now. Is it your testimony that whenever you run those children on their own property, you assume that it is their responsibility to attain a place of safety, is that correct, and to watch out for the movements of the bus? A: Yes, I think so."

Defendant reaffirmed this view in his testimony at the trial, as follows:

"Q: Now when your deposition was taken I believe you stated that once you got the children on their own property it was no longer your responsibility. Is that still your opinion? A: That's right." We think Instruction 5 at least carries such an implication.

Furthermore, Instruction 5 hypothesized conjunctively two inconsistent contradictory findings. In the first clause: "that plaintiff assumed a position, after alighting from defendant's bus, where she was not in a place of danger * * * *and* *remained thereat until Mr. Kimsey attempted to start his bus in forward motion* * * * and * * * upon attempting to start his bus the rear portion thereof slid." In the second clause: "plaintiff *left the aforesubmitted position of safety* and attempted to pass between said bus and the rock post * * * and while so doing the rear of the bus slid." Plaintiff could not have remained in a position of safety when the bus started and slid and also at the same time have left such a position of safety and reached the post when the bus started and slid. All the evidence was that defendant only made one attempt to start and that the rear of the bus only slid once and that was at the very time defendant attempted to start it forward. Instead of moving forward, its only motion was to slide to the west, catching plaintiff between the bus and the post. If plaintiff had remained in the position of safety on the bank by the front door of the bus, when it slid as defendant attempted to start it forward, it would not have been possible for plaintiff to have been caught at the rear wheels between the bus and the post. Since all the evidence shows that is what happened, the evidence does not support the submission that plaintiff remained in a position of safety until defendant attempted to start the bus forward. Actually, the facts that would exonerate defendant from negligence, under his testimony, would be that plaintiff moved so suddenly and quickly from the bank to the post that defendant in the exercise of the highest degree of care in keeping a lookout, before attempting to start the bus, could not have seen her do so in time to have prevented the bus from striking her; and we think there was at least circumstantial evidence, under his testimony, to support such a submission.

Instruction 8 was as follows: "The Court instructs the jury that the charge made by plaintiff against defendant is one of negligence, claiming he was negligent, as submitted in other instructions herein, and that such alleged negligence was the direct and proximate cause of injuries and damages allegedly sustained by plaintiff. Recovery may not be had on a charge of negligence, when made and denied as here by defendant, except when such charge is sustained by the preponderance, that is, by the greater weight of all the credible evidence in the case. It does not devolve upon defendant, Mr. Kimsey, to disprove such charge of negligence, but rather the law casts the burden of proof, with reference to such claim that he was negligent, upon the plaintiff, and this charge of negligence must be sustained by the preponderance, that is, by the greater weight of all the credible evidence in the case. If, therefore, you find the evidence touching upon the charge that defendant, Mr. Kimsey, was negligent, as submitted in other instructions, does not preponderate in favor of the plaintiff, or is evenly balanced as between plaintiff and defendant, or preponderates in favor of defendant, then, in either event, your verdict must be in favor of defendant Ray Kimsey."

Concerning an instruction substantially the same as this one, we said in Byrd v. McGinnis, Mo.Sup., 299 S.W.2d 455, 459: "We find nothing in the present instruction which we have held to be error"; and an order granting a new trial in that case was reversed with directions to reinstate the verdict. Plaintiff's claim here is that the use of the word "charge" was misleading to the jury and indicated to them that the claim against defendant was of a criminal nature. However, this instruction did not contain the language held improper in Nelson v. Evans, 338 Mo. 991, 93 S.W.2d 691, 695; see also Mitchell v. Dyer, Mo.Sup., 57 S.W.2d 1082; Rouchene v. Gamble Const. Co., 338 Mo. 123, 89 S.W. 2d 58. Considering the entire submission

herein, we do not consider it reasonable to believe a jury would think a criminal charge was involved.

 Plaintiff's claim of misconduct is based mainly on defendant's counsel's statement in his opening statement that this was the only accident defendant had ever had in eight years of driving a school bus and also asking defendant on direct examination if he had ever had an accident before. The court did sustain plaintiff's objection and no further action was requested. Our view is that this would be inadmissible on the basis of our rulings in Johnson v. Kansas City Public Service Co., 360 Mo. 429, 228 S.W.2d 796, and Gilbert v. Bluhm, Mo.Sup., 291 S.W.2d 125. See also 38 Am.Jur. 1017, Sec. 320; 65 C.J.S. Negligence § 237, p. 1059; Hodges v. Hill, 175 Mo.App. 441, 161 S.W. 633; Weaver v. Scofield, Mo.App., 198 S.W.2d 240, 243, and cases cited.

The judgment is reversed and the cause remanded.

All concur.