Marie **HAGEN** by Elza Hagen, Her Father and Next Friend, and Elza Hagen, in His Own Right, Plaintiffs,

v.

Daniel H. **PAYNE** and Kansas City Fire and Marine Insurance Company, Defendants.

No. 1748.

United States District Court
W. D. Arkansas,
Fort Smith Division.

Oct. 17, 1963.

12. Sears, Roebuck & Co. v. Minnesota Mining & Mfg. Co., supra note 2, 243 F.2d at 144.

Duty & Duty, Rogers, Ark., for plaintiffs.

Little & Enfield, Bentonville, Ark., for Daniel H. Payne.

Warner, Warner, Ragon & Smith, Ft. Smith, Ark., for Kansas City Fire & Marine Ins. Co.

JOHN E. MILLER, Chief Judge.

On August 26, 1963, the plaintiffs filed their motion to remand this cause to the state court whence it was removed.

The complaint of plaintiffs was filed in the Circuit Court of Benton County, Arkansas, on July 25, 1963. Summons was served on the defendant, Kansas City Fire and Marine Insurance Company, on July 29, 1963, by service upon Harvey G. Combs, Insurance Commissioner of the State of Arkansas, and statutory agent for service of the said defendant.

On August 16, 1963, the defendant, Kansas City Fire and Marine Insurance Company, filed its petition for removal, in which it alleged that the court has original jurisdiction of the action by virtue of the provisions of 28 U.S.C. § 1332 (1962 Supp.), and that the case was removable under the provisions of 28 U.S.C. § 1441(a).

In paragraph III of the petition for removal, the removing defendant alleged:

"* * * that the complaint filed by the plaintiffs herein joins as a defendant Daniel H. Payne and alleges that said defendant is a citizen and resident of the State of Arkansas. Petitioner further states that said defendant, Daniel H. Payne, has not been served with process, summons or otherwise as of the date of this petition, and to the best of this petitioner's knowledge, no attempt has been made to serve defendant, Daniel H. Payne, and that said plaintiffs join said defendant in this cause with no intention of ever securing service of process on him and with the fraudulent intention of depriving this Court of jurisdiction of the matter herein concerned. That the action herein sought to be removed, in truth and in fact, is a controversy between citizens and residents of different states, as aforesaid, and is properly removed to this Court."

In paragraph IV of the petition the removing defendant alleged that Payne was improperly joined as a defendant "in that the alleged cause of action against this petitioner, as set forth in the complaint of the plaintiffs, is based upon the contractual obligation of the petitioner with their insured and the statutory authority, as set forth in plaintiffs' complaint, allegedly authorizing a direct action against this petitioner. Therefore, the alleged cause of action, if any, against the defendant Daniel H. Payne is an action in negligence; that for the foregoing reasons said defendant Daniel H. Payne was improperly joined as a defendant and that accordingly this petitioner is entitled to remove this cause and disregard the alleged complaint and cause of action against the defendant

Daniel H. Payne for the reasons aforesaid and for the further reason that the alleged cause of action against this petitioner is a separate and independent claim than the alleged cause of action against the defendant, Daniel H. Payne, and that accordingly this petitioner is entitled to have the claim against it removed to this Court."

The removing defendant also alleged that the plaintiffs' complaint "wholly fails to state a cause of action against the minor defendant, Daniel H. Payne, in that said complaint alleges the plaintiff, Marie Hagen, was a passenger in the vehicle driven by the said defendant, Daniel H. Payne, and wholly omits any allegation of wilful and wanton negligence on the part of said Daniel H. Payne as required by Ark.Stats., Sec. 95–913 et seq. [Sec. 75–913 et seq.]"

In the motion to remand the plaintiffs alleged that the case was commenced jointly against the defendants, and that prior to the filing of the petition for removal, "a summons was issued out of the Benton County Circuit Court against the defendant, Daniel H. Payne, that the aforesaid summons was duly served upon the aforesaid defendant, Daniel H. Payne, on the 17th day of August, 1963."

The plaintiffs also stated in the motion to remand that Daniel H. Payne is a necessary and indispensable party to the above cause; is a resident of Benton County, Arkansas, and therefore, that complete and absolute diversity of citizenship is lacking to establish jurisdiction in the Federal Court in the above cause.

The removing defendant caused to be made a part of the record a copy of the summons referred to by plaintiffs, which shows it was issued August 16, 1963, and was served on August 17, 1963. The return of the Sheriff discloses that the summons was served "by delivering a copy and stating the substance thereof to the within-named Daniel H. Payne by serving his father Percy Payne at his usual place of abode, in Benton County, Arkansas."

On September 3, 1963, the removing defendant filed its motion to quash the service of the summons on the defendant Daniel H. Payne, and alleged that the summons was not served in the form nor the manner nor the time as required by law, and that the court was without jurisdiction over the person of the said defendant Payne.

Prior to the filing of the said motion to quash the service, the removing defendant on August 27, 1963, filed its motion to strike from the plaintiffs' complaint the allegations that "purport to state a cause of action against the defendant, Daniel H. Payne, and that the defendant, Daniel H. Payne, has been improperly joined as a defendant in this cause of action, to-wit, Paragraph 2 of plaintiffs' complaint, Paragraph 5 of plaintiffs' complaint insofar as it pertains to the defendant, Daniel H. Payne."

The conclusion reached by the court on the motion to remand makes it unnecessary to consider the two motions filed by the removing defendant.

Following the filing of the motions by the removing defendant and the motion to remand by plaintiffs, the court by letter dated September 6, 1963, addressed to the attorneys for the removing defendant and for the plaintiff, suggested that if the plaintiffs desired to perfect their service on the defendant Payne that they should cause a summons to be issued by the Clerk of this court directed to the United States Marshal for service in accordance with the provisions of 28 U.S.C. § 1448, which provides that in all cases removed from any state court in which one or more of the defendants has not been served with process, or in which the service has not been perfected prior to removal, or in which the process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such District Court.

Following the suggestion of the court, summons was issued by the Clerk of the Court upon the request of plaintiffs, and the United States Marshal attempted to serve the summons on defendant, but was

advised that the defendant at that particular time, September 17, 1963, was serving six months' active duty in the National Guard at Fort Sill, Oklahoma, and further that the defendant's parents had purchased a place in Oklahoma and had moved there. Upon the return of the summons showing that the defendant Payne was at that time residing in Oklahoma, the plaintiffs caused an alias summons to be issued and served upon the defendant Payne in Oklahoma in strict accordance with the provisions of Ark. Stat.Ann., Sec. 27–339. The affidavit of service executed by the attorney for plaintiffs is as follows:

"I, Davis Duty, the undersigned, state under oath:

"That I am the attorney of record, along with Jeff Duty, for the plaintiffs in the above entitled matter; that a copy of the attached summons and a copy of the Complaint, certified by the Clerk of the Federal District Court for the Western District of Arkansas, were sent pursuant to Arkansas Statute 27–339 by certified mail on the 23rd day of September, 1963, (the receipt for which certification being attached hereto) to the defendant in the above cause, Daniel H. Payne, who was a domiciliary of the State of Arkansas at the time that the cause of action in the above captioned matter arose against him; and that the Return Receipt, signed by the aforesaid defendant, for the above described certified letter is attached hereto and establishes that the said defendant did actually and personally receive the aforesaid certified letter; and that at the time that the defendant aforesaid was served constructively as heretofore set out, he was outside the State of Arkansas."

It should be borne in mind that plaintiffs alleged in their complaint that the defendant, Daniel H. Payne, was a domiciliary of Arkansas and resided in Benton County; that on September 10, 1962, he was employed by Rogers School District No. 30 as the driver and operator of a school bus used in the transportation of pupils from their homes to the school and from the school to their homes; on that date the plaintiff Marie Hagen was being transported in the bus as a pupil; that the defendant driver, Payne, was engaged in the performance of his duty as the agent and employee of the School District in the driving and operation of the bus; that while so engaged, and while the plaintiff was being transported as a pupil, the defendant Payne negligently failed to keep a proper lookout, diverted his attention from the road ahead, operated the bus in a reckless and careless manner without due care or caution and took an unnecessary and unwarranted risk in the operation of the bus; and that the bus left the highway, went over an embankment and turned over, and as a direct and proximate result of the negligence of the defendant Payne, the plaintiff, Marie Hagen, received personal injuries for which she seeks damages.

Section 66–3240, Ark.Stat.Ann., (1961 Supp.), provides:

"When liability insurance is carried by any * * * school district, or by any other organization or association of any kind or character, not subject to suit for tort, and any person, firm or corporation suffers injury or damage to person or property on account of the negligence or wrongful conduct of any such organization * * * its servants, agents or employees acting within the scope of their employment or agency, then such person, firm or corporation so injured or damaged shall have a direct cause of action against the insurer with which such liability insurance is carried to the extent of the amount or amounts provided for in the insurance policy as would ordinarily be paid under the terms of the policy, and such insurer shall be directly liable to such injured person, firm or corporation for such damages to the extent of such coverage in such liability insurance policy, and the plaintiff or plaintiffs may proceed directly against the insurer regardless

of the fact that the actual tort-feasor may not be sued under the laws of the state."

The defendant insurance company was the liability insurance carrier of Rogers School District No. 30 at the time the plaintiff received the injuries complained of as a result of the negligent operation of the school bus by the employee, the defendant Payne, acting within the scope of his employment. Thus, under the provisions of the statute, above referred to, the insurance company became liable to plaintiff if she was injured by the negligent operation of the school bus.

The prayer of the plaintiffs' complaint is that the court enter a judgment for the plaintiffs jointly or separately against the defendant jointly and severally for damages in the amount of $25,575.86, and for all their costs incurred herein and for any and all other proper relief to which the plaintiffs may be entitled.

The plaintiffs also alleged that the School District was negligent in employing as a driver and operation of the bus a minor, and that the defendant Payne "lacked the necessary age, training, skill, experience and judgment to equip him properly as a competent school bus operation." The record does not reveal the exact age of the defendant Payne, but it will be recalled that the defendant insurance company filed its motion to quash the service of the summons issued out of the state court, August 16, 1963, and served by the Sheriff of Benton County on August 17, 1963, by delivering a copy and stating the substance thereof to the defendant Payne, "by serving his father, Percy Payne, at his usual place of abode." Had the defendant Payne been a minor under 14 years of age, the service would have been sufficient. However, it appears that he is a member of the National Guard and evidently over the age of 14 years. If he is over the age of 14 years, service may be directly on him as on any adult. See, Ark.Stat.Ann., Sec. 27–336 (1962 Repl.).

Rule 4(e), Fed.R.Civ.P., provides:

" * * * Whenever a statute or rule of court of the state in which the district court is held provides (1) for service of a summons * * * upon a party not an inhabitant of or found within the state, or (2) for service upon or notice to him to appear and respond or defend in an action by reason of the attachment or garnishment or similar seizure of his property located within the state, service may in either case be made under the circumstances and in the manner prescribed in the statute or rule."

Service upon the defendant Payne was made in strict accordance with the provisions of Ark.Stat.Ann., Sec. 27–339 (1962 Repl.). The first paragraph of the statute provides the manner in which service shall be made. The second paragraph of the statute reads as follows:

"The defendant's written return receipt, or the certified copy of the complaint and summons with the affidavit and certificate, as provided in this section, being returned and filed in the action, shall be deemed an actual service of the summons in due time for trial on the first day the court meets in regular or adjourned session not less than thirty (30) days after such service."

The third paragraph of the section provides:

"No personal judgment shall be rendered against a defendant constructively summoned under this section, who has not appeared in the action, except that a personal judgment may be rendered against a defendant summoned out of this State, as provided herein if such defendant was, at the time he was served or at the time the cause of action arose, a domiciliary of this State."

Without debate the defendant was a domiciliary of this State at the time the cause of action arose on September 10, 1962.

The sufficiency of the service under the statute has apparently not been squarely determined by the Supreme Court of Arkansas, but this court is con-

vinced that if and/ when the question of the sufficiency of such service to sustain a personal judgment is presented to the Supreme Court of Arkansas, it will approve such service.

Leflar,[1] in the 1959 edition of The Law of Conflict of Laws, Sec. 28, p. 45, in considering such states, states:

" * * * Such statutes may provide for handing the summons personally to the domiciliary defendant wherever he may be found, even outside the state, or by sending it to him by registered or certified mail, or leaving it with an adult member of his family at his 'usual place of abode' in the state. Still other modes of service may be permissible in limited circumstances. Some state cases have even intimated that residence, as distinguished from domicile, will suffice to sustain personal jurisdiction based on constructive service, but the United States Supreme Court has never gone that far. It must also be remembered that not all states have appropriate statutes for the various possible types of constructive service on domiciliaries, and that some statutes which at first glance may seem appropriate may by interpretation be limited to actions in rem only, so as not to be available for personal judgments. But if a statute does provide for a mode of constructive service on domiciliaries that has an adequate tendency to notify them of the pending action so that they can come in and defend it, personal jurisdiction over them is acquired."

In footnotes relative to the text above quoted, Dr. Leflar cites and comments upon decisions from other jurisdictions, as well as decisions of the Supreme Court of Arkansas based on other sections of the statutes governing service of process on persons who are at the time nonresidents, and from such summary concludes

that Sec. 27–339, when read and considered in connection with the other statutes, is constitutional. He also states in footnote 24 that, "it seems that there is no very good reason for not allowing, against a domiciliary, any type of constructive service which has a substantial tendency to give actual notice of the action thereby initiated."

Since the service of summons on the defendant Payne is in the opinion of the court sufficient to give this court personal jurisdiction of the defendant, it only remains for the court to determine whether under the allegations contained in the complaint the cause was removable.

The District Courts of the United States have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000.00, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332 (1962 Supp.). The defendant Payne was a citizen of Arkansas and resided in Benton County in said State on the date that the accident occurred, and also on the date the suit was commenced in the Circuit Court of Benton County, Arkansas.

"In order for an action to be removed from a state to a federal court on diversity grounds the diversity must have existed at the time of the commencement of the suit." Rick v. Hedrick et al., (W. D.Mo.1958) 167 F.Supp. 491.

■ The departure from the State by the defendant Payne after the suit was commenced did not create diversity of citizenship, and since at the time the suit was commenced, the defendant Payne was a citizen and resident of Arkansas, there was not complete diversity of citizenship between the plaintiffs and the two defendants and the case was not removable under 28 U.S.C. § 1441(a).

In the petition for removal the defendant insurance company stated that the

1. Distinguished Professor of Law, University of Arkansas; Director of Appellate Judges Seminars, New York University;

Former Justice of Supreme Court of Arkansas.

plaintiffs have no intention of ever securing service of process on the defendant Payne, and that he was joined as a defendant with the fraudulent intention of depriving the Federal Court of jurisdiction. The allegations in the complaint sufficiently answer that contention. An examination of the complaint discloses that it was and is the bona fide intention of plaintiffs to obtain a judgment against both defendants.

■ The insurance company further contends that the alleged cause of action against it "is a separate and independent claim than the alleged cause of action against the defendant Daniel H. Payne," and is therefore removable under 28 U. S.C. § 1441(c). The court does not believe that any useful purpose would be served by citing and discussing the many decisions in which the above contentions of the insurance company have been discussed and decided. This court has in many decisions considered these questions, and a complete answer to the contentions appears in Garroutte v. General Motors Corp. et al. (W.D.Ark.1959) 179 F.Supp. 315; Hill v. Branscum et al., (W.D.Ark.1962) 208 F.Supp. 360, and the decisions cited and quoted from therein.

The removing defendant contends, as set forth in paragraph IV of the petition, that the defendant Payne was improperly joined as a defendant because the alleged cause of action against the removing defendant is based upon a contractual obligation between it and the School District, and that the alleged cause of action, if any, against the defendant Payne is an action for negligence. It is true that the relationship between the removing defendant and the School District originated when the insurance company issued and delivered its liability policy. When that was done, the insurance company became liable to any person who suffers "injury or damage to person or property on account of the negligence or wrongful conduct" of any school district, "its servants, agents or employees, acting within the scope of their employment or agency," and such person

so injured or damaged shall have a direct cause of action against the insurer with which such liability insurance is carried. In other words, the relationship between the plaintiffs and the insurance company is not contractual. The law, Sec. 66–3240, supra, makes the liability insurance carrier liable for a tort that is committed by the School District, or its servants and agents, which proximately causes injury and damage to any person, and such person has a direct cause of action to recover damages resulting from the tort.

Arkansas follows the general rule that school districts are not liable for torts of employees and servants. School District No. 11 v. Williams, (1882) 38 Ark. 454; Aetna Casualty & Surety Co. of Hartford, Conn. v. Brashears, (1956) 226 Ark. 1017, 297 S.W.2d 662. This immunity rule is based on the "no funds" theory, Fordyce v. Women's Christian Nat. Library Ass'n, (1906) 79 Ark. 550, 96 S.W. 155, 7 L.R.A.,N.S., 485, and upon the sovereign immunity doctrine, Handley v. City of Hope, (W.D.Ark.1956) 137 F. Supp. 442; Cabbiness v. City of North Little Rock, (1957) 228 Ark. 356, 307 S.W.2d 529; Kirksey v. City of Fort Smith, (1957) 227 Ark. 630, 300 S.W.2d 257, 66 A.L.R.2d 627. No Arkansas cases have been found which discuss personal liability of school bus drivers for negligence in operation of Arkansas school busses.

The general rule with respect to personal liability of school bus drivers is stated in 47 Am.Jur., Sec. 60.1, in the 1963 Supp., as follows:

"It appears to be the general rule that the rule of immunity of school districts, school boards, or other agencies in charge of public schools ordinarily does not extend to their agents or employees, or other persons under contract with such public bodies, in the absence of a statute providing otherwise, at least in connection with ministerial matters. So, the rule has been applied or recognized that teachers in a public school, school bus drivers, irrespective of whether they occupy the sta-

tus of employees or independent contractors, * * *

In Cartwright v. Graves, (1944) 182 Tenn. 114, 184 S.W.2d 373, at page 379, judgment was recovered against the driver for his negligent operation of the school bus, and the court stated:

" * * * It is true that for reasons of public policy the board of education as a quasi corporation is not charged with liability for failing to furnish him with needed care, but it is nevertheless the child's natural right. There is no reason, however, why the immunity enjoyed by the board of education for its negligent care of the pupil should attach to the defendant, who, as a private individual, undertakes for hire to safely transport the child to the school grounds. It is not questioned that he may be liable for his negligence, the only question being whether he was negligent."

In Mire v. Lafourche Parish School Board, (La.1952) 62 So.2d 541, suit was brought against the school board and the driver of the school bus for the driver's negligence in the operation of the school bus, and the cause was dismissed as to the school board but judgment affirmed against the driver, and the Louisiana court cites Cartwright v. Graves, supra, as authority for the driver's liability. The same quotation from the Cartwright case, supra, is found in Tipton v. Willey, (1934) 47 Ohio App. 236, 191 N.E. 804, at page 806:

" * * * There is no reason, however, why the immunity enjoyed by the board of education for its negligent care of the pupil should attach to the defendant, who, as a private individual, undertakes for hire to safely transport the child to the school grounds. It is not questioned that he may be liable for his negligence, the only question being whether he was negligent."

In Roberts v. Baker, (1938) 57 Ga. App. 733, 196 S.E. 104, at page 106 the demurrer of the School District was sus-

tained but judgment in favor of the driver of the school bus was reversed, and the court stated as follows:

"As respects the driver of the motor bus, he was responsible in tort for his negligent acts in the operation of the bus which proximately resulted in injury to one of the passengers. In the operation of the bus he was under a duty to exercise extraordinary care for the safety of passengers."

In Hansley v. Tilton, (1951) 234 N.C. 3, 65 S.E.2d 300, at page 302 the defendant driver was negligent in the operation of a school bus which resulted in the death of a child passenger, and the court stated beginning:

"The defendant insists, however, that the action ought to have been nonsuited in the court below even if the testimony adduced by the administrator was sufficient to show actionable negligence on his part, and freedom from contributory negligence on the part of the intestate. These arguments are advanced by him to sustain this position. The county board of education is an agency or instrumentality of the State. As such, it is not liable for injury or loss resulting from the negligence of its officers, agents, or employees. Inasmuch as the defendant was driving the school bus for the county board of education, he is clothed with the governmental immunity of the board, and in consequence, is exempt from liability to the plaintiff in the instant action.

"This contention is not tenable. Undoubtedly the county board of education, as an agency or instrumentality of the State, enjoys immunity to liability for injury or loss resulting from the negligence of the driver of its school bus. Benton v. Board of Education, 201 N.C. 653, 161 S.E. 96. But the driver of the school bus, who is a mere employee performing a mechanical task, is personally liable for his own actionable negligence."

In an annotation appearing in 32 A. L.R.2d, Sec. 8, p. 1189, the annotator states:

"Frequently the cases do not indicate clearly whether the defendant driver of a school bus was operating as an employee of the school district or as an independent contractor or an employee of such a contractor at the time of the injury complained of. While, as pointed out by the courts in some instances, generally the liability of the drivers for their negligence is the same, in whichever capacity they are operating, cases herein considered are confined, so far as this point is ascertainable, to those in which it definitely appeared that the driver was an employee of the school district or in which the court stated that the liability was the same under either circumstances."

■ Whether the defendants are jointly liable under the allegations of the complaint is to be determined by the state law. But for the rule which immunizes a school district from liability for tort, both the school district and the driver of the bus would be jointly liable for negligence which proximately causes an injury to another person. Under the immunity rule, a school district is not subject to suit, but the statute which authorizes a school district to obtain liability insurance transfers to a person injured or damaged by the negligence of the district the right to commence and maintain a suit for tort from the school district to the liability insurance carrier. If there is a joint liability, the plaintiffs have an absolute right to enforce it, and in considering a motion to remand, the court should not examine the complaint to determine whether a flaw or defect could be found therein. That is a matter that should be determined by the state court upon remand.

Ark.Stat.Ann., Sec. 27–806 (1962 Repl.), provides:

" * * * All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action."

■ The liability of both defendants depends upon whether the plaintiffs' injuries and damages were proximately caused by the negligence of the School District, its servants, agents or employees. The fact that the defendant Payne may be personally responsible for his negligence, if any, is not in anywise a defense for the insurance company if Payne was acting within the scope of his employment and his negligence was the proximate cause of the injuries and damages alleged to have been suffered by plaintiffs.

Both defendants are now before the court, and the court is convinced that the plaintiffs have stated a joint cause of action against them; that there was no diversity of citizenship at the time the suit was commenced in the state court; the claim of plaintiffs against the insurance company is not separate and independent from the claim that the plaintiffs have against the defendant Payne; that the suit was filed by plaintiffs in good faith seeking a recovery against both defendants; and therefore this court is without jurisdiction, and the motion to remand should be granted.

An order remanding the case to the Circuit Court of Benton County, Arkansas, whence it was removed is being entered today.