Phyllis R. WILLIAMS and John C. Gott, By His Personal Representative, Mamie Jeanetta Gott, Plaintiffs–Appellants,

v.

Thomas E. BAILEY and New Madrid R–1 School District, Defendants–Respondents.

No. 15640.

Missouri Court of Appeals, Southern District, Division One.

Oct. 25, 1988.

Michael B. Hazel, Hazel and Ford, Caruthersville, and William M. Barvick, Jefferson City, for plaintiffs-appellants.

John L. Cook, Thomasson, Dickerson, Gilbert & Cook, Cape Girardeau, for defendants-respondents.

HOLSTEIN, Chief Judge.

This is a wrongful death action. Plaintiffs are the mother and the personal representative of the deceased father of Johnnie Nicole Gott, a female child born August 30, 1980. Following a jury verdict, judgment was entered in favor of defendants. The plaintiffs appeal.

On September 12, 1986, Johnnie Gott was a first grade student in the New Madrid County R-1 Schools and a passenger on one of the district's buses being operated by Thomas Bailey. Bailey stopped the school bus at a point about one bus length forward of the place where Johnnie and other students customarily got off the bus at the end of the school day. Bailey saw Johnnie exit the bus but did not see her alive at any time thereafter.

Simultaneously with Johnnie exiting the bus, a student was creating a disturbance in the back of the bus, apparently throwing spitballs. Bailey, distracted by the noise, pulled the bus forward and off the road, then stopped again to check the disturbance. Upon going to the back of the bus, he saw Johnnie lying in the road a few feet to the rear of the bus. Witnesses outside the bus saw the child a few feet in front of the bus and then saw the bus move forward knocking her down. The evidence indicated that both the front and rear wheels ran over Johnnie's body and head killing her.

Other evidence offered at trial disclosed that the school district's transportation handbook requires bus drivers to count the children as they alight from the bus and again when they are outside the bus so the driver will "know where everyone is" as he runs his route. Evidence was presented of the close relationship of Johnnie and her family, the mother's life expectancy, and Johnnie's funeral expenses. The case was submitted to the jury on the basis of Bailey's alleged failure to keep a careful lookout.

Plaintiffs appeal raising four issues. Inasmuch as two are dispositive of the case, we need not discuss the others.

Ray Melton, superintendent for the school district, was called as a witness. The following exchange occurred during his direct examination:

Q: What kind of driver was Mr. Bailey in terms of his record while he drove for New Madrid County School District?

MR. HAZEL [plaintiffs' counsel]: I object. It calls for conclusion, speculation, hearsay, improper foundation, irrelevant.

THE COURT: Objection overruled.

THE WITNESS: I have no reason to question Mr. Bailey's ability to drive. I have had no reports of any accidents.

Q: Do you keep reports of injuries to students and bus accidents?

A: Yes. Any accident that our busses would be involved in, there would be a

written report that would come to the central office.

Q: How many incidents, either students injured or bus accidents of any kind, had Mr. Bailey had before this occasion?

A: None to my knowledge.

Ruby Tope, principal at the school Johnnie attended, was called as a defense witness and on direct examination testified:

Q: In addition to regular bus duties, did bus drivers have some special obligations at times to the elementary schools?

A: From time to time, we go on field trips, and bus drivers are needed on those occasions.

Q: How do you select a bus driver for those occasions?

A: We always requested a bus driver.

Q: Was any driver requested more than other drivers for these special occasions?

A: Yes.

MR. HAZEL: To which we object as being irrelevant and immaterial as to who may have been selected. It is not relevant.

MR. COOK [defense counsel]: They are trying to convict this man.

MR. HAZEL: I object to Mr. Cook's paraphrase, the statement "trying to convict this man."

THE COURT: You may proceed.

THE WITNESS: Mr. Bailey was the request of more teachers on field trips than any other driver.

Q: Do you know what qualities he had that made them request him?

MR. HAZEL: I object. That calls for conclusion and speculation as to what qualities the other teachers thought he had.

THE COURT: Objection overruled.

THE WITNESS: His ability to get along with people, his love and compassion for people in general. He loved kids; the kids loved him. He had fewer discipline problems in my office than any other driver. We trusted him.

One explanation given in respondents' brief for offering the above evidence was to prove the school district had "put one of their best drivers on this troublesome run." Defendants also explain that the evidence was introduced in response to evidence presented by plaintiffs. The plaintiffs' pleadings do not raise any issues about Bailey's character or his qualifications to drive a school bus. Similarly, plaintiffs did not present evidence showing Bailey was unqualified to drive or that he had a bad character.

Plaintiffs argue that evidence of Bailey's prior good driving history and his good character was inadmissible. We agree. Generally, the character of a party is irrelevant in a civil action and cannot be inquired into if not put in issue by the nature of the proceeding, such as libel, slander, malicious prosecution, etc., where damage to character or reputation is an issue. *Reynolds v. Jobes*, 565 S.W.2d 690, 694 (Mo.App.1978). The reason that evidence on the collateral issue of character is inadmissible is that it comes with too much dangerous baggage of prejudice, distraction from the issues, and surprise. *Farley v. Johnny Londoff Chevrolet, Inc.*, 673 S.W.2d 800, 803 (Mo.App.1984); McCormick on Evidence § 188 (3rd ed. 1984). The fact that Bailey was previously a good driver or a good person does not tend to establish that he was not negligent at the time the fatal accident occurred, and evidence of his prior good record was therefore inadmissible. *Thomas v. Kimsey*, 322 S.W.2d 754, 759 (Mo.1959); 65A C.J.S. *Negligence* § 237(1) (1966).

Defendants do not argue that the evidence was admissible but argue that any error was not reversible error. They first suggest that the plaintiffs failed to preserve the error because the objection to Melton's testimony was too indefinite and general, citing *Mick v. John R. Thompson Co.*, 77 S.W.2d 470 (Mo.App.1934). In *Mick* evidence was presented that other persons had previously stumbled over the same scales upon which the plaintiff had sustained injury. An objection that the evidence was "irrelevant" and "immaterial"

was held insufficient, because such evidence was relevant if a proper foundation established that the prior conditions were the same as existed at the time of the accident.

When an inquiry is inadmissible for any purpose, an objection that the evidence is irrelevant is sufficient. *Donze v. Swofford*, 368 S.W.2d 917, 921 (Mo.App. 1963). *See also Meade v. Kansas City Public Service Co.*, 250 S.W.2d 513, 515 (Mo.1952). There is no issue in this case upon which Bailey's character or safe driving record is competent evidence. *See Gilbert v. Bluhm*, 291 S.W.2d 125, 132 (Mo. 1956). All that is required of any objection to evidence is that the objection be sufficiently clear and definite that the court will understand the reason for the objection. *Lambert v. Rodier*, 194 S.W.2d 934, 937 (Mo.App.1946). The basis of the objection should have been apparent to the trial court. The objection to Melton's testimony was sufficient.

Defendants further complain that there was no objection to Tope's testimony relating to Bailey's character. In addition, they assert the motion for new trial failed to preserve any objection relating to the character evidence. The record of Tope's testimony quoted above refutes the claim that no objection was made. Arguably, plaintiffs' counsel may have been more persistent in objecting to follow-up questions asked of both Melton and Tope after his initial objection was overruled. However, a party is not required to continue to object when the trial court's position on relevancy has been clearly established by overruling the earlier objections. *Longshore v. City of St. Louis*, 699 S.W.2d 16, 18 (Mo.App. 1985). The motion for new trial likewise preserved the question of the admissibility of Tope's testimony for appellate review.[1] The objection and motion for new trial

were sufficient to preserve the question of the admissibility of Tope's testimony for appellate review.

Defendants argue that the erroneously admitted evidence was the "most insignificant part of this trial." They suggest that the trial court in some cases has been upheld even though the evidence was erroneously admitted where there was no abuse of discretion, citing *Krez v. Mickel*, 431 S.W.2d 213, 216 (Mo.1968), *Mickel v. Thompson*, 156 S.W.2d 721, 726 (Mo.1941), *Moreland v. State Farm Fire & Casualty Co.*, 662 S.W.2d 556, 565 (Mo.App.1983), and *Hawley v. Merritt*, 452 S.W.2d 604, 609 (Mo.App.1970). *Hawley* states that *granting* a motion for new trial because of erroneous admission of evidence is discretionary. In this case we are not reviewing the grant of a motion for new trial. The other three cases generally state that although evidence may be erroneously admitted, if the admissibility of such evidence is questionable or the appellate court is not convinced that the admission of the evidence was prejudicial, the trial court will not be convicted of an abuse of discretion which mandates reversal. Here there is no question but that the evidence was erroneously admitted. The only question is its prejudicial effect.

The prejudice in offering the evidence of Bailey's good driving record and good character was that it served only to confuse the issue of negligence and incite sympathy in favor of Bailey. Defense counsel apparently believed the evidence was significant. He underscored its significance by his comments in the presence of the jury that plaintiffs were "trying to convict" Bailey. Defense counsel also made references in closing argument designed to emphasize the evidence of Bailey's good driving record and good character.[2] Defense counsel's argument exploit-

---

[1]. In the motion for new trial, plaintiffs stated "... Defendants' [sic] elicited testimony from Mr. Melton ... and Mrs. Tope ... that there had been no complaints against [d]efendant Bailey and ... Mr. Bailey would be used [as a bus driver] because of his good relationship with the children. All of this was irrelevant, immaterial

and was all for the purpose of arousing sympathy for [d]efendant Thomas E. Bailey."

[2]. In closing argument, defense counsel made the following statements:
This good man is old. He may not live more than another 10 or 15 years. He may not live past tomorrow night. But, folks, if your ver-

ed improperly admitted evidence for the purpose of eliciting sympathy, thus insuring the prejudicial effect of the evidence.

The court erred in admitting the testimony previously noted. The error was prejudicial. The judgment is reversed and the cause is remanded for new trial.

CROW, P.J., and GREENE, J., concur.

dict says "We don't care what this man faced out there on that road. We find that he is guilty of the wrongful death of this little child," does a jury verdict not live with him?

.        .        .        .        .

You heard Ruby Tope testify. You know what kind of bus driver Tom Bailey was. He was the best bus driver in the County of New Madrid, and because of circumstances over which he had no control, this tragedy came to visit him.

We ask that insofar as a jury is able that you mitigate a tragic tragedy, that you don't make it any worse.